IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA ORTEGA | ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) ) |
| City of Chicago, and Unknown Chicago Police Officers | ) COMPLAINT FOR VIOLATION OF ) CIVIL RIGHTS ) ) |
| Defendants. | ) **JURY DEMANDED** ) ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Vanessa Ortega ("Oretga") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Unknown Chicago Police Officers ("Unknown Officers") were employed by the Chicago Police Department, and were acting under color of state law and as the employees, agents, or representatives of the Chicago Police Department. These Defendants are being sued in their individual capacity. Plaintiff will amended the complaint to allege their names once they have been obtained through discovery.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about April 26, 2017, Plaintiff was lawfully located in a public area, near 4435 S. Shields Avenue, in the City of Chicago, County of Cook, State of Illinois.

7. On that day and place Unknown Officers seized Plaintiff person without legal cause.

8. After detaining Plaintiff for a period of time she was released. However during the course of her seizure Unknown Officers seized the keys to Plaintiff's vehicle.

9. After seizing the keys to Plaintiff's vehicle Unknown Officers retained possession of the keys and left the scene.

10. There was no legal cause for Unknown Officers to seize the keys to Plaintiff's vehicle.

11. By reason of the above-described acts and omissions of Unknown Officers, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

12. The aforementioned acts of Unknown Officers were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

13. By reason of the above-described acts and omissions of Unknown Officers, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the

within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff against Unknown Officers for
### UNREASONABLE SEIZURE

14. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

15. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

16. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) the seizure and search of Plaintiff's person; and (2) the seizure, removal, and retention of Plaintiff's personal property was not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Unknown Officers and The City of Chicago For
### The Supplemental Claim of
### FALSE IMPRISONMENT

17. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

18. Unknown Officers seized and/or restrained Plaintiff.

19. Unknown Officers did not have reason to believe Plaintiff had committed an offense and thus had no legal basis for seizing and/or restraining Plalintiff.

20. As a result of the foregoing, Plaintiff has sustained damage.

21. The City of Chicago is liable to Plaintiff for the acts of Unknown Officers pursuant to the doctrine of *respondeat superior*.

22. Therefore, Unknown Officers and the City of Chicago are liable under the supplemental state law claim of False Imprisonment.

## COUNT III
### Plaintiff Against Unknown Officers and The City of Chicago For
### The Supplemental Claim of
### TRESPASS TO CHATTEL

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

24. Unknown Officers seized keys to Plaintiff's vehicle.

25. Unknown Officers did not have legal cause to seize the keys to Plaintiff's vehicle.

26. Unknown Officers did not have consent to take possession of the keys to Plaintiff's vehicle.

27. As a result of the foregoing, Plaintiff has sustained damage.

28. The City of Chicago is liable to Plaintiff for the acts of Unknown Officers pursuant to the doctrine of *respondeat superior*.

29. Therefore, Unknown Officers and the City of Chicago are liable under the supplemental state law claim of Trespass to Chattel.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants, other than City of Chicago, be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

      BY:  <u>s/Garrett Browne</u>

          ED FOX & ASSOCIATES, Ltd.
          Attorneys for Plaintiffs
          300 West Adams
          Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          gbrowne@efoxlaw.com